### UNITED STATES v. MEAGHER et al.

District Court, D. Montana. December 26, 28, 1929.

No. 2171.

Wellington D. Rankin, U. S. Dist. Atty., of Helena, Mont.

Maury, Brown & Maury, of Butte, Mont., for defendant Meagher.

J. T. Fitzgerald, of Butte, Mont., for defendant Walsh.

BOURQUIN, District Judge. ■■ Probation sought for defendants. The brief chronology is: Meagher, trustee of the Heilbronner estate in bankruptcy from July, 1925, to September, 1928, thereof, with his clerk Walsh, by devious strategy, embezzled corporate stocks in some thousands; extensive hearings before the referee resulted in perhaps full discovery, and restitution was finally ordered and made; in April, 1929, indictment of both for conspiracy to embezzle as aforesaid; then followed demurrer, pleas of not guilty, trial, conviction, sentence of six months' imprisonment, and a joint fine of $1,500, appeal, affirmance, and the instant proceedings.

The evidence in behalf of Meagher is that he is 76 years of age, subject to some chronic ailments to some indefinite extent impairing health, and is insolvent. In behalf of Walsh, insolvency; first, if any, offense; and hardship to family.

Probation has its uses, but no less its abuses.

In behalf of the thoughtless young or others who more or less impulsively yield to sudden temptation and transgress some law malum prohibitum, probation may serve a useful purpose; but extended to the mature who of premeditated, well-digested, and crafty design, violate laws malum in se, its fruits are generally evil. Coolly calculating to profit by crime, they take the chances, and, detected and convicted, they should take the consequences. First offender too often means first detected, and shall every man be licensed to one crime even as every dog to one bite?

Every member of society not only agrees to obey the rules of conduct or laws, but also agrees for any his disobedience to pay the price. Like any other debt incurred, this price in common honesty and decent morals ought to be paid. More trustworthy are repentance, reformation, and rehabilitation following payment, than glib assurances thereof to welsh and avoid payment.

Although few if any escape infraction of some of multitudinous rules or laws, most observe all of serious consequence; and that, not so much or at all because of penalties, but for that as Lord Haldane observed, "It is the thing to do, good form." Many, however, are restrained only by the terrors of penalties. In so far as probation absolves from them,

the sanctions of the law fail, and the example encourages crime.

Saith the Great Preacher: "Because sentence against an evil work is not executed speedily, therefore the heart of the sons of men is fully set in them to do evil."

To every man according to his works. To convicts treatment appropriate to their offenses, rather than that to more or less favored guests, will go far to solve the problem of crime, farther than ought else save inculcation of good morals from youth to age. Compared to these, all fulminations of commissions and uplifters, all tinkering with the machinery of administration, go for naught or little.

In so far as age and ailments are concerned, those not too old and ill to plan and execute crime likewise are not to pay the price. Forgetting his condition before offending, Meagher's remembrance is too late after conviction. If to some extent it increases the just hardship of payment, he alone is at fault and responsible; likewise, of hardship to family. These hostages to fortune should deter men from crime, rather than provide a door for escape from the penalties due to crime committed. The skirts of a family should afford no shield to crime.

No sufficient reason appears why defendants should not pay their debts to society.

Probation denied.