**UNITED STATES v. JOHNSON et al.**

**No. 23561.**

District Court, N. D. California, S. D.
March 1, 1932.

George J. Hatfield, U. S. Atty., and H. A. van der Zee, Asst. U. S. Atty., both of San Francisco, Cal.

Alvin Gerlack, of San Francisco, Cal., for defendant Elmer J. Johnson.

T. J. Riordan, of San Francisco, Cal., for defendant J. R. Vasco.

KERRIGAN, District Judge.

This matter is before me upon motion for probation made by the defendants Elmer J.

Johnson and J. R. Vasco. These men have pleaded guilty to an indictment charging violation of 38 USCA § 555, making false oath to a Veteran's Bureau. Defendant Johnson is the veteran and defendant Vasco is the doctor who made the false affidavit in behalf of Johnson. Defendant Johnson made false affidavits as to where he was working from 1924 to 1926 and as to his having been examined by Vasco in May, June, or July, 1925. Defendant Vasco made a false affidavit to the effect that he examined Johnson on June 4, 1925, and found that he was suffering from pulmonary tuberculosis; he had made no such examination of Johnson at that time. He received $125 from Johnson for the affidavit. As a result of these affidavits, Johnson received certain compensation from the Veteran's Bureau. I regard these as serious offenses committed by men of maturity fully conscious of the nature and consequences of their acts.

The probation law is founded upon humanitarian considerations, and is designed to prevent crime and restore to the ranks of upright citizens many, who through ignorance, youth, inexperience, or weakness of will, have been guilty of infractions of the law. From its very nature, however, this law can be easily abused if courts and officials concerned in its administration allow their sympathies alone to dictate their actions. Probation should not be so commonly granted that fear of punishment loses its preventive force. A tendency in this direction has already been observed, and has produced a natural reaction, so that we find that the repeal of this beneficent law is being advocated by students of criminology. If that result is to be averted, firmness and good judgment must not be subordinated to the quality of mercy in its administration. I think the true scope of the law is found in dealing with young and first offenders, where the possibility is plainly indicated that they may, in spite of a single departure from rectitude, be retained in the ranks of their law-abiding fellow citizens. As Judge Bourquin has so well pointed out in United States v. Meagher (D. C.) 36 F.(2d) 824, 825, in behalf of these thoughtless young, probation may serve a useful purpose, but it should not be extended to the mature where the crime is premeditated and where committed for profit. In such cases defendants take the chances, and, when detected and convicted, they should take the consequences. First offender too often means first detected. "To convicts treatment appropriate to their offenses ＊ ＊ ＊ will go far to solve the problem of

crime, farther than ought else save inculcation of good morals from youth to age."

Probation is intended as a substitute for imprisonment in certain cases to effect a reform and avoid the contamination of time in prison, neither of which would be effective here. It is obvious that to grant probation in this case would be to depart from the purpose of the law generally and of the probation law in particular. So far as the illness of one and the profession of the other and the hardship to their wives are concerned, those are matters that the defendants should have thought of before offending. If these increase the hardship of punishment, they alone are at fault and responsible. "Likewise, of hardship to family. These hostages to fortune should deter men from crime, rather than provide a door for escape from the penalties due to crime committed. The skirts of a family should afford no shield to crime." U. S. v. Meagher, supra.

Neither do I feel that the fact that one of the defendants is a veteran of the World War should save him from punishment. As a veteran, he is entitled to the abiding gratitude of his country for having given part of his youth and risked his life that his country may be safe. But as a veteran he is not entitled to immunity from punishment for crime. When veterans come before me for sentence, however, I always take into account their services and make the punishment more lenient. I am doing so in this case.

The motion for probation is denied.